IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE WILLIAMS,

                Plaintiff,

  v.                                                 OPINION & ORDER

DR. RIAP,                                       17-cv-421-jdp

                Defendant.

---

Plaintiff Jessie Williams, a prisoner at the Dodge Correctional Institution, has submitted a proposed civil complaint under 42 U.S.C. § 1983. Williams seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g),[1] which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

The body of Williams's complaint is one sentence long and is unintelligible. He states that "Dr. Riap [unintelligible] my madication." Dkt. 1, at 2. Because I cannot tell what defendant Riap did to Williams's medication, or how Williams was harmed by it, I cannot tell whether Williams is alleging that he is in imminent danger of serious physical injury. Moreover, this means the complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is

---

[1] At least three previous times, Williams has filed a lawsuit that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Williams v. Meil*, 13-cv-290-bbc (W.D. Wis. Aug. 18, 2013); *Williams v. Staniec*, 12-cv-691-bbc (W.D. Wis. Oct. 26, 2012); and *Williams v. Garbleman*, No. 11-cv-1033-rtr (E.D. Wis. Jan. 23, 2012).

entitled to relief." Defendant Riap would not be able to tell what Williams is alleging happened, so he could not realistically answer the complaint.

I will dismiss the current complaint and give Williams a short time to file a new complaint that explains his claims. Williams should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain what Riap did regarding the medication, how Williams was harmed by it, and why Williams believes that he is in imminent danger of serious physical injury.

If Williams submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because Williams fails to state a claim upon which relief may be granted.

Also, Williams has not provided a copy of his prison trust fund account statement, which the court needs to calculate an initial partial payment of the filing fee in the event I conclude that he may proceed with his claims. I will direct him to submit a statement for the period between November 30, 2016, and May 31, 2017.

ORDER

IT IS ORDERED that:

1. Plaintiff Jessie Williams may have until July 7, 2017, to submit an amended complaint and copy of his trust fund account statement for the period between November 30, 2016, and May 31, 2017.

2. Should Williams not submit an amended complaint or explain why he cannot do so, I will dismiss the case for Williams's failure to state a claim upon which relief may be granted.

Entered June 13, 2017.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge