IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE WILLIAMS,

                             Plaintiff,                              OPINION & ORDER

    v.

DR. RIAP,                                                   17-cv-421-jdp

                              Defendant.

---

       Plaintiff Jessie Williams, appearing pro se, is a prisoner at the Dodge Correctional Institution. He filed a complaint under 42 U.S.C. § 1983 against "Dr. Riap" that was one sentence long and unintelligible. *See* Dkt. 1. I dismissed the complaint and gave Williams a chance to file an amended complaint that explained his claims against the defendant. Dkt. 4. I also noted that Williams's amended complaint would need to explain whether he was in imminent danger of serious physical harm, because he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. *See id.* at 1.

       Williams responded by filing an amended complaint, Dkt. 6, and a motion for summary judgment, Dkt. 7. He now alleges that a psychiatrist (who I identify as Ralph Froelich from medical records attached to the motion for summary judgment) discontinued his prescription for Trazodone in 2007, and that from 2009 to 2010, Williams asked him to restore the prescription but Froelich declined.

       I will dismiss this case for two reasons. First, the alleged deprivation by Froelich took place so long ago that I must consider the applicable statute of limitations. A statute-of-

limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002). Section 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Accordingly, I must apply Wisconsin's six-year statute of limitations for personal rights claims, Wis. Stat. § 893.53. The alleged misconduct by defendant took place more than six years before Williams filed his complaint.

Second, Williams seeks leave to proceed *in forma pauperis*, but he may do so only by showing that he is in imminent danger of serious physical harm. He cannot do so in this case because he does not include any allegations suggesting that he currently faces a risk of harm from the lack of medication or anything else; the most recent medical records (from 2013) he submitted in support of his motion for summary judgment show that his trazodone had been renewed. *See* Dkt. 10-1, at 4. So this lawsuit is one for past harm, and Williams cannot proceed *in forma pauperis.*

ORDER

IT IS ORDERED that:

1. This case is DISMISSED. The clerk of court is directed to enter judgment for defendant and close the case.

2. Plaintiff's motion for summary judgment, Dkt. 7, is DENIED.

Entered September 11, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge